JOHN C. WOLFE et al., Appellants, v. CARRIE L. WHITWORTH et al., Respondents.

**Kansas City Court of Appeals, May 5, 1913.**

1. **WILLS: Testamentary Capacity: Test: Business.** The test of testamentary capacity is not whether the testator was capable of managing a business, for one may be mentally capable of making a will while he would not be capable of conducting a business.

2. ———: ———: ———: **Correspondence: Widower: Deception.** Letters of the testator, who was a widower 77 years old, addressed to a woman in Texas on the subject of matrimony, in which he falsely states he is 65 years old, and that he has four children when he has six, do not show incapacity to make a will. Disposition to deceive is bad, but ability to do so is a mark of mental capacity.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*Harris & Finley* for appellants.

(1) A will contest is an action at law and the parties have a right to a trial by jury, and where there is any evidence of incapacity, the case should be submitted to the jury. Goodfellow v. Shannon, 197 Mo. 277; Roberts v. Bartlett, 190 Mo. 695; Schaff v. Peters, 111 Mo. App. 447. (2) The standard of mental

capacity required is that the testator must have suffi-
cient understanding to comprehend the nature of the
transaction in which he is engaged, the nature and
extent of his property, and to whom he desired to give
it, and is giving it without the aid of any other person.
Sayre v. Trustees Princeton Univ., 192 Mo. 120; Young
v. Ridenbaugh, 67 Mo. 587; Gibony v. Foster, 230 Mo.
130. (3) An insane delusion on the part of the tes-
tator will operate to set aside his will if such delusion
is in respect to something or some person connected
with the provisions of his will and control the dispo-
sition made therein. Knapp v. Trust Co., 199 Mo.
667; Benoist v. Murrin, 58 Mo. 323. (4) Defendant's
instructions 4 and 5 are erroneous because (a) they
particularize the evidence and single out certain facts
shown in evidence, (b) they are argumentative, and
(c) in effect directed the jury to return a verdict for
defendants, sustaining the will. Hughes v. Rader, 183
Mo. 711; Disbrow v. Ice, Storage & Fuel Co., 138 Mo.
App. 56; James v. Insurance Co., 135 Mo. App. 251;
Jones v. Roberts, 37 Mo. App. 163; Melican v. Electric
Co., 90 Mo. App. 595; Flannery v. Railroad, 44 Mo.
App. 400; See authorities under 1, supra.

*C. M. Hay* and *E. W. Hinton* for respondent.

(1) The evidence wholly failed to show any lack
of testamentary capacity, and hence it is not material
whether the instructions were technically correct or
not, because the court could and should have directed
the verdict. Story v. Story, 188 Mo. 110; Sayre v.
Princeton, 192 Mo. 95; Archamboult v. Blanchard, 198
Mo. 384; Winn v. Grier, 217 Mo. 421; Gibony v. Fos-
ter, 230 Mo. 106. (2) The verdict is so manifestly
for the right party that it ought not to be disturbed
for any verbal criticism of the instructions. State v.
Vickers, 209 Mo. 34; Hess v. Railroad, 127 Mo. App
304; Peterson v. Transit Co., 199 Mo. 331; Bertram v.
Railroad, 154 Mo. 655.

ELLISON, J.—Plaintiffs are sons of Levi S. Wolfe, who died on the 5th of December, 1911, leaving a will. The female defendants are the daughters of Wolfe. Plaintiffs' action is to set aside the will for alleged lack of testamentary capacity. The judgment in the trial court was for defendants.

The ground of the appeal by plaintiffs is that the trial court erred in giving instructions 4, 5 and 7 for defendants. The chief criticism is that they are a comment and argument on the evidence and that they assume controverted points of evidence. We need not examine in detail the objections made, since, in our view, the trial court was liberal in instructions for plaintiffs and that it would have been justified in directing a verdict for defendants.

The error we find in plaintiffs' theory is that it assumes, in effect, that the testator must have had a capacity for the transaction of business. That is not the test. Testamentary capacity may exist where business capacity might fail. We said in Thomas v. English, decided this term, that "competency to make a will may exist where ability to conduct business may be lacking." It was said in Crum v. Crum, 231 Mo. 626, 638, that there is no instrument for the measurement of mental capacity. We must judge of each case as it is presented under the tests recognized by the law. By competency to make a will is meant intelligence sufficient to understand the act being performed, the property to dispose of, the disposition to be made and the persons to whom the property is being given. [Sehr v. Lindemann, 153 Mo. 276, 288.] In the Thomas case aforesaid, quite recently decided by us, we examined at length the question here involved, and we refer to that case for the reasons justifying our judgment in this.

The evidence for plaintiffs separated in its different parts amounts practically to nothing by way of showing testamentary incapacity. But, as said in

the Thomas case, it would be unfair to plaintiffs to pronounce judgment of insufficiency separately upon each matter of evidence. We should, and we have, considered it connectedly and yet find it to be without probative force under the rule above announced. The testator left each of plaintiffs five dollars, stating in the will that he had "heretofore made provision for them," when the evidence showed he had only given each of them a horse. That he did not specifically dispose of all of his property, but, after giving certain amounts to his daughters, the residue was left to them. It was shown that he was about seventy-seven years old; and that he was feeble and forgetful. We think the evidence of witness Prather, and others of like kind, too trivial for serious consideration, especially when compared with the cases of Winn v. Grier, 217 Mo. 420, and Hughes v. Rader, 183 Mo. 630, cited by defendants, and by us in the Thomas case.

Testator was a widower, and we have a love affair shown in the record as evidence of lack of testamentary capacity. It seems he got into correspondence with some woman living in Texas, on the subject of marriage, and that he wrote to her that he was sixty-five years old when, in truth, he was seventy-seven; and that he had four children, when he had six. We have read these letters and find nothing in them to suggest he was incapable of making a will. They convey rather the contrary impression. To formulate a falsehood, especially when it is uttered to advance one's effort to enter into a marriage contract, is no more evidence of incapacity than misrepresentation in other civil contracts. A disposition to deceive is bad, but ability to do so is rather to be considered as evidence of mental strength.

We have examined the entire record and have evidence which would have justified a finding against the will, and hence affirm the judgment. All concur.